OPINION OF THE COURT
Richard L. Buchter, J.
The issue presented herein is whether the Batson doctrine extends to peremptory challenges based on religious affiliation under the Equal Protection Clauses of the Federal and/or New York Constitutions.
*401 The facts are as follows: Using the procedure enunciated in People v Allen (86 NY2d 101), the court found that the People had made a religious-based peremptory challenge during jury selection to exclude an Islamic juror. In order to determine whether or not such a peremptory challenge should be sustained, this court must now decide whether or not religious affiliation is a cognizable group under the Equal Protection Clauses of the Constitution of the United States and/or of New York State, for purposes of jury selection.
Initially, the court will briefly review the expansion of the Batson doctrine.
In Swain v Alabama (380 US 202 [1965]), the United States Supreme Court placed the first constraint on the use of peremptory challenges by prohibiting prosecutors from systematically excluding members of one race from the venire.
In Batson v Kentucky (476 US 79 [1986]) the Court overruled the Swain requirement that the defendant show systematic exclusion. The Court held that prosecutors may not strike a juror who is a member of defendant’s race solely on account of identity of race.
The Batson Court crafted a test in order to determine whether a prima facie case of purposeful discrimination had been established. The defendant must first show that he is a member of a cognizable racial group and, second, that by using peremptory challenges, the prosecutor has removed a member or members of defendant’s race from the venire. (476 US, at 96, supra.) If these criteria have been met, that is, if the court finds that the defendant has shown a prima facie case of purposeful discrimination, the court will then require the prosecutor to proffer a race-neutral explanation for the striking of that juror or else the peremptory challenge will be overruled.
In 1991 the Supreme Court modified the first prong of the Batson test in Powers v Ohio (499 US 400), ruling that the challenged juror need not belong to the same race as the defendant.
This signaled a shift in the Court’s focus, in that the Batson Court was primarily concerned with the defendant’s rights, while the Powers Court was concerned with the rights of a prospective juror. Thus, the Court imposed a further limitation on the use of the peremptory challenge.
Thereafter, in Edmonson v Leesville Concrete Co. (500 US 614 [1991]), the Court held that the Equal Protection Clause *402 prohibits both parties in a civil suit from exercising peremptory challenges to exclude jurors based on race, again concerned with juror’s rights.
In 1992, the Court applied the Batson rationale in Georgia v McCullum (505 US 42), holding that the ban on the use of racially discriminatory peremptory challenges applies to criminal defendants as well as to prosecutors. All parties in civil and criminal cases are therefore prohibited from exercising race-based peremptory challenges.
In 1994, the Court extended Batson to prohibit strikes based solely on gender in J.E.B. v Alabama ex rel. T.B. (511 US —, 114 S Ct 1419). The Court in that case held that the Equal Protection Clause of the Fourteenth Amendment prohibited "discrimination [which] serves to ratify and perpetuate invidious, archaic and overboard stereotypes about the relative abilities of men and women.” (511 US, at —, 114 S Ct, at 1422, supra.) The Court further suggested that Batson applies to "heightened scrutiny classifications,” which, traditionally, would include religious groups. To date, however, the Supreme Court has not specifically ruled on the issue of religious-based peremptory challenges, denying certiorari when the issue arose. (See, e.g., Davis v Minnesota, — US —, 114 S Ct 2120 [in which the Minnesota Supreme Court permitted the strike of a Jehovah’s Witness]; United States v Greer, 939 F2d 1076 [5th Cir], reh granted 948 F2d 934 [5th Cir 1991], cert denied 507 US 962 [1993] [in which the Court interpreted Batson as limiting challenges based on race, religion and national origin].)
Thus the law with respect to religious-based peremptory strikes under the Equal Protection Clause of the United States Constitution has remained unsettled.
However, the Equal Protection Clause of the New York Constitution provides its own constraints upon the discriminatory use of peremptory challenges.
Article I, § 11 of the New York Constitution provides as follows: "No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed or religion, be subjected to any discrimination in his civil rights by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of this state.”
Clearly, the protections afforded to New York State venirepersons are broader than those set forth under the United States Constitution, in that the New York Constitution specifi *403 cally and explicitly bans discrimination with regard to a person’s civil rights based on "creed or religion” by any person, institution or by the State. The harm of such jury discrimination is that it wrongfully excludes people by reason of their religion from participating in jury service, a fundamental institution of American government.
Based upon the above, the court finds that the People’s religious-based peremptory challenge violates the equal protection rights of the challenged juror under the New York Constitution by depriving said potential juror of his civil right to serve as a juror. Any other determination would, in essence, be a court-sanctioned tolerance of religious discrimination and would be contrary to the clear language of the State Constitution.
Where, as here, a peremptory challenge has been used to purposefully exclude a juror because of his religion, absent a sufficient neutral explanation for its exercise, the resultant impairment of the integrity of the judicial system cannot be tolerated. The strike must be overruled. The court holds that New York constitutional considerations outweigh any burden, limitation or further restriction on the use of the peremptory challenge.
Based upon the foregoing, the People’s peremptory challenge was disallowed and the juror was seated.